ST. LOUIS & S. F. R. CO. v. WILKINSON.†

(Court of Civil Appeals of Texas. March 18, 1911. Rehearing Denied April 8, 1911.)

1. MASTER AND SERVANT (§ 286*)—INJURIES TO SERVANT — NEGLIGENCE OF MASTER — QUESTION FOR JURY.

Where a minor servant, 18 years old, was ruptured while lifting an engine spring, weighing about 265 pounds, under orders of his foreman, it could not be said as a matter of law that the railroad company was not negligent in requiring plaintiff to lift and move the spring, there being substantial proof to show that it was too heavy for plaintiff's strength, that he did not know its weight, and was incapable of understanding the danger of an attempt to lift the spring by merely looking at it.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 286.*]

2. MASTER AND SERVANT (§ 288*)—INJURIES TO SERVANT—ASSUMED RISK—QUESTION FOR JURY.

Where plaintiff, a minor 18 years old, was ruptured by attempting to lift a heavy engine spring under orders of his foreman, not within his contract of employment, and his foreman would have had authority to discharge him had he refused to obey directions, plaintiff did not assume the risk as a matter of law.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068–1088; Dec. Dig. § 288.*]

Appeal from District Court, Grayson County; B. L. Jones, Judge.

Action by John J. Wilkinson against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Andrews, Ball & Streetman and Head, Dillard, Smith & Head, for appellant. J. H. Wood and Jas. P. Haven, for appellee.

TALBOT, J. This is an action to recover damages for personal injuries received by the appellee though the negligence of the appellant. The defenses pleaded were a general denial, contributory negligence, and assumed risk. A trial before a jury resulted in a verdict and judgment in favor of the appellee for the sum of $2,000, and the appellant appealed.

It appears that on the 19th day of May, 1909, the appellee, who was then a boy 18 years of age, was in the employ of appellant at Hugo, Okl. The division foreman of the appellant, Austin, directed the appellee to move some engine springs. This, with the assistance of another employé, he attempted to do, and while lifting and carrying one of the springs to the point where he was instructed by the foreman to place it he sustained a complete rupture or hernia on the left side, and a partial rupture on the right side. The testimony varies as to the weight of the spring. Some of the witnesses testified that such springs as the appellee was directed to move weighed about 200 or 220 pounds, and some that they would weigh 240 to 265 pounds. The appellee had never moved a spring of the character in question before, and the division superintendent had never before instructed him to move such a spring. The testimony is conflicting as to appellee's duties. He testified, however, that his duty was to put oil cans, tool boxes, and other equipment on locomotives about to leave the town of Hugo on their run; that it was not a part of his duty to lift and move springs as he was directed to do and as he was attempting to do when he was injured. The division foreman, Austin, had authority to employ and discharge the appellee and to direct him to move the springs, and it was in obedience to his instructions that appellee was attempting to move the spring.

The assignments of error are eight in number, and complain, in effect, that the trial court erred in refusing to instruct the jury at appellant's request to return a verdict in its favor, because (1) the evidence in the case was not sufficient to authorize a finding that the defendant was guilty of such negligence as rendered it liable; (2) the evidence shows that appellee's injuries were caused by one of the risks assumed by him; (3) the undisputed evidence shows that plaintiff understood the difficulties and dangers attending the lifting of the spring in the way and with the assistance he was doing the work; (4) the difficulty and danger to be apprehended from doing said work in the way appellee was attempting to do it were such as were open and patent to a person of common understanding, situated as appellee was; (5) the verdict is without evidence to support it in finding that Austin, the division foreman, was guilty of negligence in directing appellee to move or lift the spring; (6) the verdict is without evidence to support it in finding that plaintiff's injuries did not result from one of the ordinary risks of the employment in which he was engaged.

We are of opinion that neither of the assignments should be sustained. The case is peculiarly one of fact. [1] Clearly it cannot be said under the evidence as a matter of law that it is not negligent for an experienced man in charge of the work, representing the

master, to instruct a minor 18 years old to lift and move an engine spring weighing probably 265 pounds, when there is substantial evidence to show that the spring was too heavy for the strength of the minor, and that he had no knowledge of such work, and was incapable of understanding, by merely looking at it, the danger attending the lifting of such spring. [2] Nor do we think it can be said as a matter of law that an inexperienced minor, 18 years of age, assumes the risk of attempting to lift an iron spring of the weight of the one in question, especially when he is complying with a specific personal order of an experienced vice principal of his employer, and where the evidence is sufficient to show that the work is not a part of his contract of employment. It has been said that "the law in doubtful matters does not require the servant, at his peril, to disobey orders of the master." Here, it may be said that the testimony warrants the conclusion that the appellee was put to his election to obey the direction of Austin, the division foreman, and lift and attempt to move the spring or be discharged. Austin testified: "It was John's (the appellee) duty as assistant storekeeper to take oil cans and tool boxes off engines and put them back, and fill cans with oil and register the amount of oil taken. He was the only engine supply man we had. He had other work to do in the way of lifting. That was when I called on him to do it, and he was under me. When I told him to lift a spring, he would do it, and, if he did not, I could discharge him. If he did not do as I told him, I would discharge him. He attended to the tool and oil business without my telling him and he' did that daily. I did not see him lift the spring. Do not know that I ever saw him lift a spring at any time. I was around there somewhere all the time, and I don't recall ever seeing the plaintiff ever lift a spring at any time. During the whole time he was there I didn't see plaintiff help lift a spring." Sherman v. Railway Co., 99 .Tex. 571, 91 S. W. 561; Railway Co. v. Sanchez, 65 S. W. 893.

The court charged the jury, among other things, as follows: "If you believe from the evidence that on the occasion in question John J. Wilkinson was injured, as alleged in his petition, in attempting to lift and move an engine spring, and if you believe from the evidence that he had been directed by his said foreman to do said work of lifting and moving the engine spring, and that said work was not in the usual line of work in which the said plaintiff was employed and usually called upon to do, and if you further believe from the evidence that when the said foreman, Austin, directed said plaintiff to move said engine spring, plaintiff believed that it was his duty to do said work, and that in pursuance of the said order of the said foreman, he called to his aid S. S. Ferrier .to assist. him in doing said work, and if you further believe from the evidence that it rea-

sonably appeared to plaintiff that he and the said Ferrier could do said work with ordinary safety to himself, and if you further believe from the evidence that at the time said order was given the said Austin knew, or in the exercise of ordinary care should have known, that the moving of said engine spring by one of the age, experience, and strength of plaintiff would be attended with danger to the person of plaintiff, and if you further believe from the evidence that an ordinarily prudent person would not under the circumstances have ordered the plaintiff to move said engine spring, and if you further believe from the evidence that plaintiff's injury, if any you find he received on said occasion, was the direct and proximate result of his attempting to move said engine spring in obedience to the said order of Austin, you will find for plaintiff, and assess his damages as hereinafter directed, unless you should find for defendant under further instructions given you. On the other hand, if you believe from the evidence that the work of moving an engine spring of the kind and character that plaintiff was directed to move on said occasion was in the ordinary line of plaintiff's duty under his employment, then you are instructed that, when plaintiff accepted said employment, he assumed all the risks ordinarily incident thereto, and, if you so believe, you will find for defendant. Also, if you do not believe from the evidence that the work of moving an engine spring of the kind and character that plaintiff attempted to move on the occasion in question was one of the usual duties of his employment, or if you believe from the evidence that an ordinarily prudent man under the same or similar circumstances would have given the order to plaintiff in regard to the moving of said engine spring, as you find said Austin gave to plaintiff on said occasion, or if you believe from the evidence that the danger, if any you find there was, in lifting and moving said engine spring, was open and patent to one of the age and experience of plaintiff, as it was to said Austin, or if you believe from the evidence that an ordinarily prudent person of the age and experience that you find plaintiff was on said occasion would not have attempted to lift and move said engine spring, or if you believe from the evidence that plaintiff's said injury, if you find he received at said time, was occasioned either by the manner in which he attempted to do the work or by the negligence, if any, of the said Ferrier who was working with him on said occasion, or if you find said plaintiff was injured in any other way than as alleged in his petition, then in any of these events you will find for the defendant." By these and other paragraphs of the court's charge the jury was fully and fairly instructed as to the law applicable to the issues raised by the pleadings and the evidence, and no good reason is apparent or pointed out by the appellant why the verdict should be disturbed. This case is

distinguishable in the facts from the cases cited by appellant. In those cases the plaintiffs were experienced men in the work in which they were engaged, and were adults. In the case at bar the appellee, John J. Wilkinson, an inexperienced minor, is instructed by an experienced vice principal of the appellant to do work beyond his strength and of which he had no knowledge and in obedience to said instruction he attempts the undertaking and is seriously hurt.

We think the evidence was sufficient to authorize the verdict of the jury, and that we would not be warranted in setting it aside.

The judgment of the court below is therefore affirmed.